IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-34408 |
| | § | |
| KEIV HOSPITALITY, LLC, ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |

**DEBTORS' EMERGENCY MOTION TO
EXTEND (I) EXCLUSIVITY PERIOD AND (II) DEADLINE TO FILE
A PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE TO GRANT THE RELIEF REQUESTED IN THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHUOLD FILED AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

COMES NOW, Keiv Hospitality, LLC ("Keiv") and Keivans Hospitality, Inc. ("Keivans"), the jointly-administered debtors herein (the "Debtors") and hereby files this Emergency Motion to Extend (I) Exclusivity Period and (II) Deadline to File a Plan of Reorganization

and Disclosure Statement (the "Motion"), and in support hereof, respectfully states as follows:

## I. JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 1121 and 105(a).

## II. BACKGROUND

2. On September 1, 2020 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their properties as a debtors in possession.

4. On October 28, 2020, the Court entered its Order Amending Deadline to File a Plan and Disclosure Statement (the "Order") [Doc. No. 75]. The Order provides that:

> "…not later than one hundred twenty (120) days after the date of entry of the Order for Relief herein, the Debtor shall file (a) a disclosure statement pursuant to 11 U.S.C. Section 1125, and (b) a plan of reorganization pursuant to 11 U.S.C. Sections 1121 and 1123."

Order, p.2, ¶ 4. Therefore, pursuant to the Order, the Debtors' deadline to file a plan and disclosure statement is December 31, 2020.

## III. RELIEF REQUESTED

5. Pursuant to Bankruptcy Code section 1121(b) and Federal Rule of Bankruptcy Procedure 9006, the period in which the Debtors may exclusively file a plan of reorganization expires or terminates on December 30, 2020, and the deadline for the Debtors to obtain acceptance

of their plan is February 28, 2021.  Likewise, pursuant to the Court's Order to the Debtors, the deadline for the Debtors to file a plan of reorganization and disclosure statement is December 30, 2020.

6.      Pursuant to Bankruptcy Code section 1121(d), the Debtors respectfully request that (i) the exclusive period for the Debtors to file a plan be extended through January 15, 2021; and (ii) the deadline for the Debtors to obtain acceptances of a plan be extended through March 16, 2021.

7.      Pursuant to Bankruptcy Code section 105(a), the Debtors respectfully request that the Court extend the deadline imposed in the Order to file a plan and disclosure statement through January 15, 2021.

## IV.  BASIS FOR RELIEF REQUESTED

### A.  Cause Exists for Extending the Exclusive Period

8.      Pursuant to 11 U.S.C. § 1121(d), the Court may, upon a showing of cause, extend or increase the Debtors' period for filing a plan or obtaining acceptance of a plan.  While the Bankruptcy Code does not define "cause," courts have referred to the cause standard set forth in 11 U.S.C. § 1121(d) as a general standard that allows the bankruptcy court "maximum flexibility to suit various types of reorganization proceedings." *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) citing *In re Public Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988).

9.      In addition, the following factors have generally been relied upon in making the determination as to whether "cause" exists:

(a)    the size and complexity of the case;

(b)    the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

  (c)  the existence of good faith progress toward reorganization;

  (d)  the fact that the debtor is paying its bills as they become due;

  (e)  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

  (f)  whether the debtor has made progress in negotiations with its creditors;

  (g)  the amount of time which has elapsed in the case;

  (h)  whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

  (i)  whether an unresolved contingency exists.

*In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) (discussing factors). Not all of the factors are relevant in every case and there is no magic number of factors that must be satisfied to warrant extension of the period; it is within the Court's discretion to determine which factors are relevant and to give the appropriate weight to those factors. *Hoffinger*, 292 B.R. at 644. "[S]ometimes certain factors are just more relevant or important than others." *In re Dow Corning Corp.*, 208 B.R. 661, 669 (Bankr. E.D. Mich. 1997). As discussed below, the instant facts satisfy several the factors the Court will consider in determining whether to grant the Debtors' Motion for extension of the exclusivity period.

  10. Notwithstanding the instant request for extension of the exclusivity period, the Debtors continue to make good faith progress toward reorganization in negotiations with their primary lenders. An extension of the deadlines to file and obtain acceptances of a plan and disclosure statement will afford the Debtors the necessary breathing room to obtain approval of a

disclosure statement, prepare the solicitation materials, solicit the plan, and obtain confirmation of the plan. Accordingly, the Debtors submit that this extension is being sought for a proper purpose.

11. The Debtors are paying their bills as they become due.

12. According to the Debtors' last monthly operating reports (MOR), the Debtors are current on their post-petition obligations [Doc. Nos. 86 and 87] and have increased their cash positions each month.

13. This Motion is the Debtors' first request for an extension of exclusivity and the filing deadline imposed by the Court's Order. This Motion is filed neither for the purpose of delay nor with the intent to extend the period indefinitely in order to gain undue advantage. The Debtors believe that the requested extension is therefore reasonable, and in the best interest of the Debtors and their estates.

**B.   Extension of the Deadline is Appropriate Under Bankruptcy Code Section 105(a)**

14. Section 105(a) of the Bankruptcy Code authorizes the Court to enter such orders as may be necessary to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). The Debtors submit that extension of the plan and disclosure statement deadline set forth in the Court's Order is necessary and appropriate under section 105(a) of the Bankruptcy Code to allow the Debtors to implement effective plan terms. Indeed, the Court's Order to the Debtors establishing the December 30, 2020 deadline was issued pursuant to section 105 of the Bankruptcy Code in order to help facilitate the Debtors' transition into the bankruptcy cases. In light of the foregoing, the Debtors respectfully request that the Court use its authority under section 105(a) of the Bankruptcy Code to extend the plan and disclosure statement filing deadline through January 15, 2021.

15. The U.S. Trustee has no opposition to this motion. Deutsche Bank and U.S. Bank, primary lenders in Keiv and Keivans respectively, also have no opposition to this motion, but

reserve all rights to file a motion to terminate exclusivity.

## V.     BASIS FOR EMERGENCY RELIEF

16.     The relief requested in this Motion is necessary to avoid a lapse in the exclusive period for the Debtors to file a plan of reorganization and the deadline imposed by the Court's Order to the Debtors, both of which are set to expire on December 30, 2020. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## VI.     PRAYER

17.     The Debtors respectfully request that the Court enter an order (i) extending the exclusive period for the Debtors to file a plan through January 15, 2021; (ii) extending the deadline to file a plan and disclosure statement through January 15, 2021; (iii) extending the deadline for the Debtors to obtain acceptances of a plan through March 16, 2021; and (iv) granting the Debtors such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted on the 29th day of December, 2020.

**OKIN ADAMS LLP**

By:     /s/ *Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118

**ATTORNEYS FOR THE DEBTORS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2020, I served a copy of the foregoing Motion via the Court's EM/ECF electronic system to all parties consenting to service through same, and to all parties on the attached service list via United States First Class Mail, postage prepaid.

By: */s/ Timothy L. Wentworth*
Timothy L. Wentworth

## **CERTIFICATE OF ACCURACY PURSUANT TO LOCAL RULE 9013-1(I)**

In accordance with Bankruptcy Local Rule 9013-1(I), I hereby certify to the accuracy of the matters set forth in the foregoing Motion.

By: */s/ Timothy L. Wentworth*
Timothy L. Wentworth

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 20-34408<br>Southern District of Texas<br>Houston<br>Wed Nov 18 13:48:00 CST 2020 | Harris County<br>Linebarger Goggan Blair & Sampson LLP<br>C/O John P. Dillman<br>PO Box 3064<br>Houston, TX 77253-3064 | Keiv Hospitality LLC<br>22055 Katy Freeway<br>Houston, TX 77450-1739 |
| Keivans Hospitality Inc.<br>22055 Katy Freeway<br>Houston, TX 77450-1739 | Texas Comptroller of Public Accounts, Revenu<br>Christopher S. Murphy<br>c/o Sherri Simpson, Paralegal<br>PO Box 12548<br>Austin, TX 78711-2548 | 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 |
| Allegiance Bank<br>PO Box 41314<br>Houston, TX 77241-1314 | Ben Mousavi<br>2314 Colby Lodge Drive<br>Katy, TX 77450-7508 | Comptroller of Public Accounts<br>C/O Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX  78711-2548 |
| Deutsche Bank Co. as Trustee<br>c/o Midland Loan Services<br>Attn: Cody C. Hilke<br>10851 Mastin<br>Overland Park, KS 66210-1690 | Deutsche Bank Trust Company Americas as Trus<br>c/o Midland Loan Services<br>Attn: Cody C. Hilke<br>10851 Mastin<br>Overland Park, KS 66210-1690 | Deutsche Bank Trust Company as Trustee<br>c/o Midland Loan Services a div. of PNC<br>Attn: Cody C. Hilke<br>10851 Mastin<br>Overland Park, KS 66210-1690 |
| Guaranty Bank & Trust<br>c/o Glen Patrick<br>McNally & Patrick, LLP<br>100 E. Ferguson, Ste 400<br>Tyler TX 75702-5758 | Harris County et al.<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | Hilton Worldwide<br>4649 Paysphere Circle<br>Chicago, IL 60674-0001 |
| (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Keivans Hospitality Inc.<br>22055 Katy Freeway<br>Katy, TX 77450-1739 | Mousavi, LLC<br>22055 Katy Freeway<br>Katy, TX 77450-1739 |
| Timothy L. Wentworth<br>Okin Adams LLP<br>1113 Vine St., Suite 240<br>Houston, TX 77002-1044 | U.S. Bank National Association, Trustee<br>c/o Bruce Zabarauskas<br>Thompson & Knight<br>1722 Routh St., 15th Floor<br>Dallas, TX 75201-2532 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 |
| United States Small Business Administration<br>8701 S. Gessner Rd., Ste. 1200<br>Houston, TX 77074-2944 | United States Trustee's Office<br>515 Rusk St., Suite 3516<br>Houston, TX 77002-2604 | Melissa A Haselden<br>Hoover Slovacek LLP<br>Galleria II Tower<br>5051 Westheimer, Suite 1200<br>Houston, TX 77056-5839 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

JPMorgan Chase Bank
P.O. Box 29550 AZ1-1024
Phoenix, AZ 85038

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Deutsche Bank Trust Company as Trustee for        (u)Hilton Worldwide, Inc.        (u)SBA

(u)U.S. Bank National Association as Trustee        (d)Timothy L. Wentworth        End of Label Matrix
                                                    Okin Adams, LLP                  Mailable recipients    23
                                                    1113 Vine St., Suite 240         Bypassed recipients     5
                                                    Houston, TX 77002-1044           Total                  28