IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-34408 |
| | § | |
| KEIV HOSPITALITY, LLC, ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | JOINTLY ADMINISTERED |

**DEBTOR'S PLAN OF REORGANIZATION**

Pursuant to 11 U.S.C. § 1121(a) and Fed. R. Bankr. P. 3016, the Debtor, Keivans Hospitality, Inc. ("Keivans" or "Debtor") proposes the following Plan of Reorganization (the "Plan").

**ARTICLE I**
**Definitions**

Unless otherwise provided in this Plan, all terms used herein that are defined in the Bankruptcy Code shall have the meaning assigned to such terms in the Bankruptcy Code. For purposes of this Plan, the following words or terms shall have the meanings set forth below and such meanings shall be equally applicable to both the singular and plural forms of the word or term defined:

1.1 "*Administrative Claim*" shall mean a Claim, Cause of Action, right, or other liability, or the portion thereof, that is entitled to priority under Bankruptcy Code sections 326, 327, 330, 503(b), 506(c), 507(a)(2), 507(b), and 1103, including: (i) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estates and/or in connection with operating the Debtors' businesses (such as wages, salaries, or payments for goods and services); (ii) Professional Compensation Claims; and (iii) all fees and charges assessed against either Estate under 28 U.S.C. § 1930.

1.2 "*Administrative Claim Bar Date*" shall mean the date that is twenty-one (21) days after the Effective Date.

1.3 "*Allowed Ad Valorem Tax Claim*" means a Priority Claim or Secured Claim: (i) in respect to which a proof of claim has been timely filed with the Bankruptcy Court against the Debtor within the applicable period of limitation fixed by Bankruptcy Rule 3003(c)(3) or local rule of the Bankruptcy Court, or (ii) scheduled in the list of creditors prepared and filed with the Bankruptcy Court by the Debtor pursuant to Bankruptcy Rules 1007 and 3003 and not listed as disputed, contingent or unliquidated, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation pursuant to Bankruptcy

    Rule 3007 or an order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order and which is payable to any political subdivision of the State of Texas and entitled to priority under 11 U.S.C. 507(a)(8)(B).

1.4 *"Allowed Claim"* means a Claim: (i) in respect to which a proof of claim has been timely filed with the Bankruptcy Court against the Debtor within the applicable period of limitation fixed by Bankruptcy Rule 3003(c)(3) or local rule of the Bankruptcy Court, or (ii) scheduled in the list of creditors prepared and filed with the Bankruptcy Court by the Debtor pursuant to Bankruptcy Rules 1007 and 3003 and not listed as disputed, contingent or unliquidated, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation pursuant to Bankruptcy Rule 3007 or an order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order.

1.5 *"Allowed Secured Claim"* shall mean an Allowed Claim secured by a lien, security interest or other charge or encumbrance against the interest or property in which the Debtor has an interest, which lien, security interest or other charge or encumbrance is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law to the extent of the value, determined in accordance with Section 506 of the Bankruptcy Code, of the interest of the Holder of such Claim, and the Debtor's interest in such Property.

1.6 *"Allowed Unsecured Claim"* shall mean an unsecured, non-priority Allowed Claim against the Debtor including rejection claims under 11 U.S.C. § 365.

1.7 "*Bank Post-Petition Claim*" shall mean the claim held by US Bank in an amount that is equal to the interest, calculated at the non-default interest rate, that has accrued from the Petition Date to the Effective Date plus reasonable attorney's fees and expenses incurred since the Petition Date as agreed by the parties or allowed by Order of the Bankruptcy Court.

1.8 *"Bankruptcy Code"* shall mean Title 11 of the United States Code.

1.9 *"Bankruptcy Court"* shall mean the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

1.10 "*Chapter 5 Causes of Action*" shall mean all those actions that may or might be brought by a Trustee, or Debtor in Possession, in favor of the Estate that arise under, or pursuant to, any of the provisions of Chapter 5 of the Bankruptcy Code.

1.11 *"Claim"* shall mean a claim against the Debtor as defined in 11 U.S.C. §101(5).

1.12 *"Cure Claim"* shall mean a Claim held by a counterparty to an executory contract or unexpired lease that represents the total amount owed to such party as of the later of (i) the Effective Date, or (ii) the date upon which such executory contract or unexpired lease is assumed by the Debtor.

1.13 "*Confirmation Date*" shall mean the date upon which the Bankruptcy Court enters the Confirmation Order.

1.14 "*Confirmation Order*" shall mean a Final Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.15 "*Creditor*" shall mean any person, group or entity that is a Holder of a Claim against the Debtor.

1.16 "*Disputed Claim*" shall mean any Claim that is not an Allowed Claim.

1.17 "*Effective Date*" shall mean the date fifteen (15) days after entry of the Confirmation Order.

1.18 "*General Unsecured Claims*" shall mean all Allowed Claims arising on or before the Petition Date that are not Administrative Claims, Tax Claims or Secured Claims.

1.19 "*Hilton*" shall mean the hotel real property owned by Keivans and located at 2509 Texmati Drive, Katy, TX 77494.

1.20 "*Holder*" shall mean that person who, or which, is the true, lawful, Holder of the right to payment under an Allowed Claim or an Allowed Equity Interest as of the Effective Date of the Plan.

1.21 "*Loan Agreement*" shall mean the Loan Agreement between Debtor and Bank of America, N.A., predecessor to US Bank, dated June 28, 2013, and all associated documents and amendments.

1.22 "*Petition Date*" shall mean September 1, 2020, the date on which the Debtor filed its petition under Chapter 11 of the Bankruptcy Code.

1.23 "*Plan*" shall mean this Plan of Reorganization proposed by the Debtor, either in its present form or as it may be altered, amended or modified from time to time in accordance with the Bankruptcy Code and Rules.

1.24 "*Plan Proponent*" shall mean the Debtor, Keivans Hospitality, Inc.

1.25 "*Professional Compensation Claims*" shall mean claims that accrued post-petition held by persons employed by the Debtor pursuant to Bankruptcy Code section 327.

1.26 "*Reorganized Debtor*" shall mean the Debtor, or any successors or assigns, by merger, consolidation, or otherwise, on and after the Effective Date.

1.27   *"Replacement Reserve Account"* shall have the same meaning as specified in the Loan Agreement.

1.28   "*US Bank*" shall mean U.S. Bank, National Association as Trustee for the Benefit of Registered Holders of Morgan Stanley Bank of America Merrill Lynch Trust 2013-C12, Commercial Mortgage Pass-Through Certificates, Series 2013-C12.

## ARTICLE II.
## Concept of the Plan

2.1   The Plan is a plan of reorganization. The Debtor shall continue the operation of its business after confirmation of the Plan. The Debtor's business consists of ownership and operation of a Hilton Garden Inn located at 2409 Texmati Drive, Katy, Texas 77494. The Debtor's business was negatively impacted by the effects of the COVID-19 pandemic since March of 2020. The Plan will be funded through income earned from continued operation of the hotel.

## ARTICLE III.
## Administrative Claims and Priority Claims

3.1   In accordance with Bankruptcy Code section 1123(a)(1), Administrative Claims, Professional Compensation Claims and Priority Tax Claims have not been classified for purposes of voting on, or receiving distributions under, the Plan, and, thus, are excluded from the Classes of Claims and Interests set forth in Article IV hereof.

**A.   Administrative Claims**

3.2   Unless otherwise agreed to by the Holder of an Allowed Administrative Claim and the Reorganized Debtor, each Holder of an Allowed Administrative Claim (other than Holders of Professional Compensation Claims and Claims for fees and expenses pursuant to section 1930 of chapter 123 of title 28 of the United States Code) will receive in full and final satisfaction of its Administrative Claim an amount of cash equal to the amount of such Allowed Administrative Claim in accordance with the following: (i) if an Administrative Claim is Allowed on or prior to the Effective Date, on the Effective Date or as soon as reasonably practicable thereafter; or (ii) if such Administrative Claim is not Allowed as of the Effective Date, no later than ten (10) days after the date on which an order allowing such Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter. Notwithstanding anything contained in this Article, the Debtor shall continue paying their employees, utilities, insurance premiums, and other workforce and insurance obligations in accordance with the Bankruptcy Court's orders and approved practices. For the avoidance of doubt, to the extent a Holder of an Administrative Claim is not being paid by the Debtors in the ordinary course, such Holder must file a request for payment of such Administrative Claim by the Administrative Claim Bar Date.

3.3     Except for Professional Compensation Claims, and unless previously filed, requests for payment of Administrative Claims must be filed and served on the Reorganized Debtor no later than the Administrative Claim Bar Date.  Objections to such requests must be filed and served on the Reorganized Debtor and the requesting party by the later of (i) twenty-one (21) days after the Effective Date; or (ii) twenty-one (21) days after the filing of the applicable request for payment of the Administrative Claims, if applicable.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior Bankruptcy Court orders, the Allowed amounts, if any, of Administrative Claims shall be determined by, and satisfied in accordance with a Final Order of, the Bankruptcy Court.

3.4     Holders of Administrative Claims that are required to file and serve a request for such payment of such Administrative Claims that do not file and serve such request by the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Reorganized Debtor or its property, and such Administrative Claims shall be deemed discharged as of the Effective Date without the need for any objection from the Reorganized Debtor or any action by the Bankruptcy Court.

**B.     Professional Compensation Claims**

3.5     All requests for payment of Professional Compensation Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date must be filed no later than the Administrative Claim Bar Date.  Objections to Professional Compensation Claims must be filed and served on the Reorganized Debtor and the Professional to whose application the objections are addressed no later than twenty-one (21) days after the filing of the applicable request for payment of Professional Compensation Claim.  The Bankruptcy Court shall determine the Allowed amounts of such Professional Compensation Claims after notice and hearing in accordance with the procedures established by the Bankruptcy Code.  Allowed Professional Compensation Claims shall be paid by the Reorganized Debtor in Cash within ten (10) days of the entry of a Final Order allowing such Claim.

## ARTICLE IV.
## Classification of Claims and Interests

**A.     Classification in General**

4.1     Except for the Claims addressed in Article III of the Plan, all Claims and Interests are classified in the Classes set forth below in accordance with section 1122 and 1123(a)(1) of the Bankruptcy Code.  A Claim or an Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest qualifies within the description of such other Classes.  A Claim or an Interest also is classified in a particular Class for the purpose of receiving distributions under the Plan only to the extent that such Claim or Interest is an Allowed Claim or Allowed Interest in that Class and has not been paid, released, or otherwise satisfied.

B. **Summary of Classification of Claims and Interests**

4.2     The classification of Claims and Interests against the Debtor pursuant to the Plan is as follows:

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Allowed Ad Valorem Tax Claims | Impaired | Entitled to Vote |
| Class 2 | Allowed US Bank Secured Claim | Impaired | Entitled to Vote |
| Class 3 | Allowed Small Business Administration Secured Claim | Unimpaired | Presumed to Vote For |
| Class 4 | Allowed Cure Claim of Hilton Worldwide | Impaired | Entitled to Vote |
| Class 5 | Allowed Unsecured Claims | Impaired | Entitled to Vote |
| Class 6 | Pre-petition Equity Interests | Unimpaired | Presumed to Vote For |

C.     **Treatment of Claims and Interests**

4.3     *Class 1* – Class 1 shall consist of Allowed Ad Valorem Tax Claims. Except to the extent that Holders of Allowed Ad Valorem Tax Claims have not already been paid, satisfied or otherwise released prior to the Effective Date or such claimant agrees to a less favorable treatment, each Holder of an Allowed Ad Valorem Tax Claim shall receive, on or after the Effective Date, in full and final satisfaction, compromise, settlement, release, and discharge of such claim, equal monthly installment payments over 48 months amortized at twelve percent (12%) per annum with the first payment due on the first day of the month following the Effective Date and every month thereafter until paid.

Class 1 is Impaired under the Plan.

4.4     *Class 2* – Class 2 shall consist of the Allowed Secured Claim of US Bank in the amount of $7,692,755.69 plus the Bank Post-Petition Claim, minus any payments received by US Bank since the Petition Date (the "New Obligation"). The New Obligation shall be amortized in full over 30 years at 5.41% with a single lump-sum balloon payment to be paid on August 1, 2023. A level payment of such amount, plus Debtor's regular monthly payment of taxes and insurance, shall be due on the first day of the month following the Effective Date and every month thereafter until paid. If the Debtor has insufficient funds to make its regular monthly payment, Ben Mousavi shall be responsible for payment of any shortfall.

Upon the Effective Date, any and all defaults pursuant to the terms of the Loan Agreement shall be deemed cured. The terms of the Loan Agreement are not modified by the Plan or Confirmation Order unless specifically stated in the Plan or the Confirmation Order. US Bank shall retain all of its liens and security interests as originally provided in Loan Agreement until paid off. The Plan terms will control over contradictory Loan Agreement terms and to the extent a term is not modified by the Plan or Confirmation Order it will remain in effect. Provided that the Debtor complies with the terms of the Loan Agreement as modified by the Plan or the Confirmation Order, the Debtor's obligation to US Bank shall not be in default.

On and after the Effective Date, the Loan Agreement is specifically modified as follows:

(1)     In Section 9.2(b) of the Loan Agreement, relating to the Replacement Reserve Account, all references to "$650,000.00" are replaced with "$200,000.00". Any excess amount in the Replacement Reserve Account after reduction to $200,000.00 shall be remitted to the Debtor within 14 days after the Effective Date.

(2)     "Event of Default" in Section 11.1 of the Loan Agreement refers only to defaults occurring after the Effective Date.

(3)     In Section 11.2 of the Loan Agreement, upon an Event of Default, US Bank may only enforce the rights and remedies described therein upon the expiration of twenty-one (21) days following written notice of default given to the Debtor.

For the avoidance of doubt, the terms of Section 2.6(a) of the Loan Agreement are not modified nor is the definition of "Lockout Period". The Debtor shall be allowed to pay US Bank in full after expiration of the Lockout Period and prior to August 1, 2023 without payment of any penalty in accordance with the Loan Agreement.

Any amounts claimed by US Bank that are not part of its Allowed Secured Claim or Bank Post-Petition Claim, or are not specifically allowed by Order of the Bankruptcy Court, are disallowed.

Class 2 is Impaired under the Plan.

4.5     *Class 3* – Class 3 shall consist of allowed secured claim of the United States Small Business Administration. On or after the Effective Date, and except to the extent that the SBA agrees to a less favorable treatment, the SBA shall receive payments pursuant to the loan documents governing the loan. In accordance with the loan documents, the first payment to the SBA shall be due on June 1, 2021 in the amount of $731.00, with a like payment due each month until principal and interest are paid in full.

The terms of the SBA's pre-petition loan documents are not modified by the Plan or Confirmation Order unless specifically stated in the Plan or the Confirmation Order. The SBA shall retain all of its liens and security interests as originally provided in its loan documents until paid off. The Plan terms will control over contradictory note terms and to the extent a term is not modified by the Plan or Confirmation Order it will remain in effect.

Class 3 is Unimpaired. The Holder of an Allowed Claim in Class 3 is conclusively presumed to have accepted the Plan, and solicitation of acceptances with respect to such Class is not required.

4.6   *Class 4* – Class 4 shall consist of the Cure Claim of Hilton Worldwide. The Class 4 Claim shall be paid over six months in equal monthly installments commencing on the first day of the month following sixty (60) days after the Effective Date.

Class 4 is Impaired under the Plan.

4.7   *Class 5* – Class 5 shall consist of Allowed Unsecured Claims. On or after the Effective Date, and except to the extent that a Holder of an Allowed Unsecured Claim agrees to a less favorable treatment, each Holder of an Allowed Unsecured Claim shall be paid on the first day of the month following the Effective Date and every month thereafter for sixty (60) months until paid in full. Such claims shall accrue interest at three percent (3%) until paid.

Class 5 is Impaired under the Plan.

4.8   *Class 6* – Class 6 shall consist of the pre-petition equity interest Holders in the Debtor. On the Effective Date, all pre-petition equity interest claims in the Debtor (including all rights and interests that correspond to such equity interest) shall be retained.

Class 6 is Unimpaired under the Plan. The Holder of an Allowed Claim in Class 6 is conclusively presumed to have accepted the Plan, and solicitation of acceptances with respect to such Class is not required.

**D.    Special Provision Governing Unimpaired Claims**

4.9   Except as otherwise provided in the Plan, nothing under the Plan shall affect the Debtor's rights with respect to any Unimpaired Claims, including, all rights in respect of legal and equitable defenses to, or setoffs or recoupments against, any such Unimpaired Claims.

**E.    Elimination of Vacant Classes**

4.10   Any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Allowed Interest or a Claim or Interests temporarily Allowed by the Bankruptcy Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan.

**F.    Controversy Concerning Impairment**

4.11   If any controversy arises as to whether any Claims or Interests, or any Class of Claims or Interests, are Impaired, the Bankruptcy Court shall, after notice and hearing, determine such

controversy concerning impairment. Failure to timely file an objection in the Bankruptcy Case shall result in such Person or Entity waiving any objection to the Impairment classifications set forth in the Plan.

**G.      Subordinated Claims**

4.12    The allowance, classification, and treatment of all Allowed Claims and Allowed Interests and the respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, the Reorganized Debtor reserves the right to re-classify any Allowed Claim or Interest in accordance with any contractual, legal, or equitable subordination relating thereto.

**H.      No Waiver**

4.13    Nothing contained in the Plan shall be construed to waive the Debtor's or other Person's right to object on any basis to any Claim or Interest prior to the Effective Date.

## ARTICLE V
## Means for Executing the Plan

5.1     The Plan will be implemented, pursuant to section 1123(a)(5) of the Bankruptcy Code, by commencement of payments as called for above. The Debtor will continue to operate its business in order to generate cash flows to service costs of doing business, administrative expenses, mortgage payments and interest payments under obligations created in the Plan.

5.2     Ben Mousavi shall continue as Chief Executive Officer of the Reorganized Debtor.

## ARTICLE VI
## Executory Contracts

6.1     Executory Contracts and Unexpired Leases. On the Effective Date, except as otherwise provided in the Plan, all Executory Contracts or Unexpired Leases that currently exist between the Debtor and another Person or Entity, and are not expressly rejected, shall be deemed assumed by the Debtor. The franchise agreement with Hilton Worldwide shall be assumed. Entry of the Confirmation Order by the Bankruptcy Court shall constitute an order approving the assumptions or rejections of the Executory Contracts and Unexpired Leases as set forth herein pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Each Executory Contract and Unexpired Lease assumed pursuant the Plan or by any order of the Bankruptcy Court, shall re-vest in and be fully enforceable by the Reorganized Debtor in accordance with its terms, except as such terms are modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law. Notwithstanding anything to the contrary in the Plan, the Debtor or the Reorganized Debtor, as applicable, reserves the right to alter, amend, modify, or supplement the Schedules identified in the Plan at any time prior to the

Effective Date.

6.2     Cure of Defaults for Assumed Contracts and Unexpired Leases. Any monetary default under each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Claim amount in cash, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree.  Within twenty-one (21) days after the Effective Date, any counter-party to an Executory Contract or Unexpired Lease being assumed by the Debtor must file a Cure Claim with the Bankruptcy Court asserting all alleged amounts accrued or alleged defaults through the Effective Date.  Any party that fails to file a Cure Claim by this deadline shall be forever barred from asserting, collecting or seeking to collect any amounts or defaults relating thereto against the Reorganized Debtor.  The Reorganized Debtor shall have sixty (60) days from the Effective Date to file an objection to any Cure Claim.  Any disputed Cure Claims shall be resolved either consensually or by the Bankruptcy Court.  Except as may otherwise be agreed to by the parties, by no later than ninety (90) days following the Effective Date, the Reorganized Debtor shall cure all Allowed Cure Claims.  All Disputed Cure Claims shall be cured either within twenty-one (21) days after the entry of a Final Order determining the amount, if any, of the Debtor's liability with respect thereto or as may otherwise be agreed to by the parties.

6.3     Rejection Claims. Any Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan must be incorporated into a Proof of Claim that is filed within twenty-one (21) days after the Effective Date, or in the case of a pending proceeding on the Effective Date (as referenced immediately above) twenty-one (21) days after the entry of a final non-appealable order therein. Any rejection claims not filed within said period shall be deemed barred. Nothing herein shall extend the deadline to file a Proof of Claim for rejection of any executory contract or unexpired lease occurring prior to the Effective Date and which is time barred under the Code or Bankruptcy Rules prior to the effective date.

6.4     Insurance Policies.  Except as otherwise provided in the Plan, all of the Debtor's insurance policies are treated as Executory Contracts under the Plan and are expressly assumed by the Debtor.  Nothing contained in the Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtor may hold against any Person or Entity with respect to such Executory Contracts or Unexpired Leases.

## ARTICLE VII
## Resolution of Disputed Claims

7.1     Filing Objections to Claims. Unless otherwise ordered by the Bankruptcy Court, objections to the allowance of any Claims shall be filed with the Bankruptcy Court and served upon the Holders of such Claims to which objections are made no later than thirty (30) days after the Effective Date or the Date upon which a Claim is allowed by Order of the Bankruptcy Court to be filed, whichever is later. This shall not be interpreted as extending the deadline for the filing of any Proof of Claim. From and after the effective date of the Plan, no amendment to a Proof of Claim shall be allowed without the consent of the Debtor, or approval of the Court over the objection of the Debtor. Amended proofs of claim filed tardy hereunder shall be deemed accepted by the Debtor unless the Debtor files an objection thereto within thirty (30) days of filing thereof.

7.2     Motions under 3012. Motions for Valuation of Collateral (F.R.B.P. Rule 3012) shall be filed under Rule 3012 no later than twenty-one (21) days after the Effective Date of the Plan. The Court shall retain jurisdiction over this matter to hear and resolve any such Motions. In the event that no such Motion is filed, then the amount of any allowed Claim identified in a Proof of Claim actually filed with the Court (not merely assumed by application of F.R.B.P. Rule 3003(b)(1)), shall be deemed conclusively adjudicated to be a secured claim to the extent stated on such a Proof of Claim unless the value of collateral is established in a different amount by the Bankruptcy Court. The Court may determine the value of collateral in the context of any Objection to a Proof of Claim without the necessity of filing a separate Motion for Valuation of Security.

7.3     Settlement of Claim Objections After Effective Date. After the Effective Date, the Debtor may settle any Claim without notice and hearing and without order of the Bankruptcy Court granting permission to settle a Claim.

## ARTICLE VIII
## Acceptance or Rejection of the Plan

8.1     Voting Classes. The Holders of Claims in Classes 1, 2, 4 and 5 are impaired and shall be entitled to vote to accept or reject the Plan.

8.2     Presumed Acceptance/Rejection of Plan. The Holders of Claims in Classes 3 and 6 are unimpaired or otherwise not afforded a vote under the Plan and therefore are conclusively presumed to accept the Plan.

8.3     Impaired Classes to Vote. Except as otherwise required by the Bankruptcy Code or the Bankruptcy Court, each Holder of a Claim that is impaired under the Plan is entitled to vote to accept or reject the Plan if, as of the date of approval of the Disclosure Statement in this case, its Claim is an Allowed Claim, or the Claim has been temporarily allowed for voting purposes only by order of the Bankruptcy Court pursuant to Bankruptcy Rule 3018(a).

8.4     Acceptance by Class of Holders of Claims. A Class of Holders of claims shall have accepted the Plan if the Plan is accepted by the affirmative vote of at least two-thirds in amount of the value of Allowed Claims for which ballots (acceptances or rejections) are received and more than one-half in number of the total number of Holders of Allowed Claims for which ballots have been received.

8.5     Cram down. In the event that any one impaired Class of Claims entitled to vote shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Debtor requests that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code and the Debtor reserves the right to modify the Plan to the extent, if any, that confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires or permits.  The Debtor will request that the Bankruptcy Court confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code as fair and equitable as to any Class that rejects or is deemed to reject the Plan.

## ARTICLE IX

### Modification of the Plan

9.1  The Debtor may modify the Plan at any time before Confirmation but may not modify the Plan so that the Plan, as modified, fails to meet the requirements of Sections 1122 and 1123 of the Bankruptcy Code.

9.2  The Debtor may modify the Plan any time after Confirmation or before substantial consummation of the Plan but may not modify the Plan so that the Plan, as modified, fails to meet the requirements of Sections 1122 and 1123 of the Bankruptcy Code. If the Plan is modified under this subsection, it becomes a Plan only if the Bankruptcy Court, after notice and hearing, confirms the Plan, as modified, under Section 1129 of the Bankruptcy Code and circumstances warrant such modification.

### ARTICLE X
### Vesting of Assets

10.1  **Vesting of Assets in the Reorganized Debtor Free and Clear of Liens and Claims**. Except as otherwise expressly provided in the Plan or the Confirmation Order, or any other agreement entered into in connection with the Plan, pursuant to sections 1123(a)(5), 1123(b)(3), 1141(b) and (c) and other applicable provisions of the Bankruptcy Code, on and after the Effective Date, all property and assets of the Estate of the Debtor, including, without limitation, all claims, rights, warranty agreements and any claims, indemnities or other rights thereunder, continued maintenance obligations and Causes of Action of the Debtor, and any other assets or property acquired by the Debtor or the Reorganized Debtor during the Chapter 11 Case or under or in connection with the Plan, shall vest in the Reorganized Debtor free and clear of all Claims, Liens, charges, and other encumbrances.  On and after the Effective Date, the Reorganized Debtor may (i) operate its business, (ii) use, acquire, and dispose of its property and (iii) compromise or settle any Claims, in each case without notice to, supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Plan or the Confirmation Order.

### ARTICLE XI
### Releases and Injunctions

11.1  **Release of Liens and Claims**. To the fullest extent provided under section 1141(c) and other applicable provisions of the Bankruptcy Code, except as otherwise provided herein or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Article III, Article IV, Article V, and Article VI, all liens, Claims, mortgages, deeds of trust, or other security interests against the assets or property of the Debtor or its Estate shall be fully released, canceled, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person or Entity.  The filing of the Confirmation Order with any federal, state, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such liens, Claims and other interests to the extent provided in the

immediately preceding sentence. Any Person or Entity holding such liens, Claims or interests shall, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver to the Reorganized Debtor such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Reorganized Debtor.

11.2     Compromise and Settlement.  Notwithstanding anything contained herein to the contrary, the allowance, classification and treatment of all Allowed Claims and their respective distributions and treatments hereunder, takes into account the relative priority and rights of the Claims and the Equity Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510(b) and (c) of the Bankruptcy Code or otherwise.  The Confirmation Order will constitute the Bankruptcy Court's finding and determination that the settlements reflected in the Plan are (a) in the best interests of the Debtor, its Estate and all Holders of Claims and Equity Interests, (b) fair, equitable and reasonable, (c) made in good faith and (d) approved by the Bankruptcy Court pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.  Entry of the Confirmation Order constitutes approval of the releases by all Entities of all such contractual, legal and equitable subordination rights or Causes of Action that are satisfied, compromised and settled pursuant hereto.

11.3     Release and Discharge of Debtor.  Pursuant to Bankruptcy Code section 1141(d), and except as otherwise specifically provided in the Plan, or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided for in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in, the Debtor or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; or (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code.  The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.

11.4     Injunction.  Except with respect to the obligations arising under the Plan or the Confirmation Order, and except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities that held, hold, or may hold claims or interests that have been released, discharged, or exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor and the Reorganized Debtor: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (c)

creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim, Interest, Cause of Action, or liability or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released or settled pursuant to the Plan.

11.5    Upon entry of the Confirmation Order, all Holders of Claims and Interests and their Related Parties shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions on account of such Claim or interest, as applicable, hereunder shall be deemed to have consented to the injunction provisions set forth in Section 13.6 of the Plan.

11.6    **Conditional Injunction Regarding Actions Against Guarantors**.  **All entities that hold claims against any guarantor of an Allowed Claim shall be conditionally enjoined from enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such guarantor on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities provided that the Debtor is not in default of its obligations with respect to such claim pursuant to the applicable provisions of the Plan.**

11.7    Term of Certain Injunctions and Automatic Stay.  Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Bankruptcy Case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date.  All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

## ARTICLE XII
## Effect of Confirmation

12.1    Legal Binding Effect. The provisions of the Plan, pursuant to the Bankruptcy Code Section 1141 shall bind the Debtor and all Creditors, whether or not they accept the Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest Holder by reason of any assertion of a contractual right of subordination.

## ARTICLE XIII
### Retention and Scope of Jurisdiction

13.1 The Bankruptcy Court shall retain and have exclusive jurisdiction of all matters arising out of and related to, the Chapter 11 case and the Plan pursuant to and for the purposes of, Sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, but not limited to, the following purposes:

13.1.1 To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any are pending, and the allowance of Claims resulting therefrom;

13.1.2 To hear and determine any and all motions, applications, adversary proceedings, and contested, removed or litigated matters that may be pending on and/or after the Effective Date which are authorized by, arising under or related to this reorganization case under the Bankruptcy Code and all Litigations, Motions or proceedings authorized by the express terms of this Plan;

13.1.3 To ensure that distributions to Holders of Allowed Claims and Allowed Interests are accomplished as provided herein;

13.1.4 To hear and determine any objections to Administrative Claims or to proofs of claim or interests filed, both before and after the Confirmation Date, including any objections to the classification of any Claim or Interest, and to allow or disallow any Disputed Claim or Interest in whole or in part;

13.1.5 To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

13.1.6 To issue such orders in aid of the execution of the Plan, to the extent authorized by Section 1122 of the Bankruptcy Code;

13.1.7 To consider and act on the compromise and settlement of any Claim against or cause of action by or against the Debtor's estate;

13.1.8 To consider any modification of the Plan, to cure any defect, or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including without limitation, the Confirmation Order;

13.1.9 To hear and determine all applications for compensation and reimbursement of expenses of professional persons incurred prior to the Effective Date;

13.1.10 To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan,

13.1.11 To recover all assets, claims and causes of action of the Debtor and property of the Debtor's estate;

13.1.12 To hear and determine matters concerning state, local and federal taxes in accordance with Sections 346, 505 and 1146 of the Bankruptcy Code;

13.1.13 To hear and determine all Adversary Proceedings, Notices and Motions filed pursuant to the provisions of this Plan relating to Chapter 5 Causes of Action;

13.1.14 To hear any other matter not inconsistent with the Bankruptcy Code; and,

13.1.15 To enter a Final Decree closing the Chapter 11 case.

## ARTICLE XIV
## Miscellaneous Provisions

14.1     Effectuating Documents; Further Transactions.  The Debtor and the Reorganized Debtor, as applicable, may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan, without the need for any approvals, authorizations, actions or consents except for those expressly required pursuant hereto.

14.2     Exemption from Certain Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.  Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement the provisions of and the distributions to be made under the Plan.

14.3     Successors and Assigns. Except as otherwise provided herein, the rights and duties and obligations of any person named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors and assigns of such person.

14.4     Applicable Law. Except to the extent that the Bankruptcy Code or the Bankruptcy Rules are applicable, the rights and obligations arising under this Plan shall be governed by the laws of the State of Texas.

14.5     Headings. The headings of the articles and the paragraphs of this Plan have been used for convenience only and shall not limit or otherwise affect the meaning thereof.

14.6     Revocation of Plan. The Debtor reserves the right unilaterally and unconditionally to revoke, end, or withdraw the Plan at any time prior to the entry of the Confirmation Order and

upon such revocation, end or withdrawal, the Plan shall be deemed null and void and of no force and effect.

14.7    Counterpart and Facsimile Signatures. The Plan may be executed in any number of counterparts and via live, electronic and/or facsimile signature, all of which shall be deemed and considered to be a single Plan document.

14.8    Continued Payment of US Trustee Fees. The Debtor will be responsible for timely payment of United States Trustee quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6). Any fees due as of the date of confirmation will be paid on the Effective Date. After confirmation, the Debtor will continue to file timely financial reports in the format required by the United States Trustee on a quarterly basis and continue to pay quarterly fees as accrued until the case is closed (administratively or otherwise), converted to a case under chapter 7, or dismissed.

Dated: January 15, 2021.

                                             **Keivans Hospitality, Inc.**
                                             By its owner

                                             _____
                                             Ben Mousavi, owner

                                             Respectfully submitted,

**OKIN ADAMS LLP**

                                        By:  /s/ *Timothy L. Wentworth*
                                            Timothy L. Wentworth
                                            Texas Bar No. 21179000
                                            Email: twentworth@okinadams.com
                                            1113 Vine St., Suite 240
                                            Houston, Texas 77002
                                            Tel: 713.228.4100
                                            Fax: 888.865.2118
                                            **ATTORNEYS FOR THE DEBTOR**